JUSTICE RICE,
concurring.
¶33 I concur in the Court’s opinion, and because it correctly states the law, I have signed it. This case takes us into new territory and I understand the Court’s desire to carefully lay out the procedures to be followed to address the serious charge of judicial impartiality and the manner in which to raise it and test it, including the entry of findings and conclusions after a hearing, and to remand for such a process to be undertaken. However, on the basis of what is the uncontested material evidence that the presiding judge, at the time he was approving a stipulated judgment over the objections of the insurer in this case, was *255 likewise entering a stipulated judgment in personal litigation at the potential detriment of his insurer, and for which he would similarly seek judicial approval, I would go further. If there were four votes to do so, I would reverse the May 2015 judgment and June 2015 dismissal order entered by the presiding judge and remand this matter for further proceedings before a new judge, who would review and decide New York Marine’s motion for discovery, the stipulated judgment’s reasonableness, and New York Marine’s motion to dismiss Peter’s cross-claims. I see no point in prolonging this litigation to conduct an evidentiary hearing on disqualification, at which the presiding judge, who has now resigned under circumstances related to his stipulated judgment, will be called to opine on these circumstances in testimony, and whose credibility on these matters must inevitably be contested; then for entry of an order, and then for a subsequent appeal from that order (see Opinion, ¶ 30). In my view, a clear basis for disqualification has already been established and should be ordered to ensure the appearance of, and the public’s confidence in, a fair and impartial judiciary.
JUSTICE COTTER joins in the concurring Opinion of JUSTICE RICE.